CULPEPPER, Judge.
This is a suit to annul a default judgment. The plaintiff in the original suit was Spiro A. Talambas, d/b/a Allen Meat Company. Named as defendant was “Louisiana State Board of Education (now named Louisiana State Board of Elementary and Secondary Education)”. No answer or other pleadings were filed in response to plaintiff’s petition. On September 19, 1975, judgment by default was rendered in favor of Talambas and against “Louisiana State Board of Education” in the amount of $88,-600.
The present suit was filed by William J. Guste, Jr., Attorney General of the State of Louisiana, to annul the default judgment on the grounds of lack of citation and service of process. After a hearing on the merits, the district judge held the default judgment was valid and dismissed the attorney general’s suit. The attorney general has appealed.
The decisive issue is whether the citation in the original suit is invalid, since at the time it was served on August 26, 1975 the Louisiana State Board of Education had ceased to exist under Article VIII of the Louisiana Constitution of 1974 and the transitional statute, Act 3, § 1, Section 24(B) Extraordinary Session of 1974.
The general facts are that by an instrument dated September 28, 1970, Talambas leased to the Louisiana State Board of Education a food storage building in Oakdale, Louisiana for an initial term of six months at a rental of $1,200 per month. On August 25, 1975, Talambas filed suit against the “Louisiana State Board of Education (now named Louisiana State Board of Elementary and Secondary Education)” alleging that the named defendant owed $63,600 rent and $25,000 damages to the building and equipment, a total of $88,600. Pursuant to this suit, the clerk of court issued citation to “Louisiana State Board of Education, through its ex-officio secretary to the Board, Louis J. Michot, Education Building, Baton Rouge, Louisiana”. The return by the sheriff of East Baton Rouge Parish shows that service of this citation was made August 26, 1975 on Dr. Joseph Kite, an Assistant Superintendent of Education for Louis Michot.
On September 15,1975, Talambas entered a preliminary default, and on September 19, 1975 he obtained a judgment by default against “Louisiana State Board of Education” for the full sum of $88,600.
The attorney general contends that the default judgment is null because the citation on which it was based was directed to “Louisiana State Board of Education”, a state agency which had ceased to exist by the date the citation was served on August 25, 1975. The Louisiana Constitution of 1974 abolished the Louisiana State Board of Education, which had existed under Article 12 of the 1921 Constitution, and which had general supervision and control of all free public schools. Article VIII of the 1974 Constitution establishes five separate boards for the State Educational System: (1) The Board of Regents; (2) Board of Supervisors of Louisiana State University and Agricultural and Mechanical College; (3) Board of Supervisors of Southern University; (4) State Board of Elementary and Secondary Education; and (5) Board of Trustees of State Colleges and Universities.
In chronological order, the following are the pertinent events in this litigation:
(1) On April 20, 1974, the voters of the state adopted the Louisiana Constitution of 1974. By Article XIV, Section 35, the new Constitution was to become effective at midnight on December 31, 1974.
*1185 (2)On October 27, 1974, an Extraordinary Session of the Legislature convened to enact the necessary statutes for the transition from the 1921 Constitution to the 1974 Constitution. Pertinent here are the following transitional provisions:
“Act 3, Section 24, Extraordinary Session of 1974: Transitional Provisions: (A) The State Board of Education created by Section 4 of Article XII of the Louisiana Constitution of 1921 shall continue to exercise all power and authority granted to and perform all functions provided for such board by the Louisiana Constitution of 1921 or by law which pertains to elementary and secondary schools, vocational-technical training, post secondary vocational-technical schools and special schools under the jurisdiction of the State Board of Elementary and Secondary Education until the first meeting of the State Board of Elementary and Secondary Education is held as provided in this part.

“(B) The obligations heretofore incurred by the State Board of Education created by Article XII, Section 4 of the Constitution of 1921 in connection with any contract or agreement with respect to elementary and secondary schools, vocational-technical training, and special schools shall be preserved and discharged by the board created in this Section.

“E. The board shall meet on or before the second Monday in January of each year, at other times as fixed by the board or upon call of the president. The first meeting of the board shall be held in Baton Rouge on the call of the governor within ten days after the promulgation of the results of the election for which provision is made in R.S. 17:22(B), or if no such election is held, within ten days after the appointment by the governor of the initial members of the Louisiana State Board of Elementary and Secondary Education and the Board of Trustees for State Colleges and Universities as provided by law. In no event shall the first meeting of the board be held later than May 10, 1975.”
(3) On January 1, 1975, the new Louisiana Constitution of 1974 became effective.
(4) On May 1, 1975, the new Louisiana Board of Elementary and Secondary Education held its first meeting and elected a president, vice president and secretary, thereby abolishing the old Louisiana State Board of Education.
(5) On August 25, 1975, the plaintiff Ta-lambas filed his original suit.
(6) On August 26, 1975, citation was served in the Talambas suit, directed to “Louisiana State Board of Education”.
(7) September 12, 1975 is the effective date of Act 274 of 1975 (LSA-R.S. 17:42) which provides:
“Wherever in Title 17 of the Louisiana Revised Statutes or in any other law with respect to public elementary and secondary schools, vocational-technical and post secondary vocational-technical schools and programs, and special schools under the supervision and control of the State Board of Elementary and Secondary Education, reference is made to the State Board of Education or to the state superintendent of public education, after September 12, 1975, such reference shall mean and refer to the State Board for Elementary and Secondary Education or to the superintendent of education for elementary and secondary education, as the case may be.”
From the above, it is clear that on August 26, 1975, the date the citation at issue was served, the provisions of the Louisiana Constitution of 1974 and of Act 3 of the Extraordinary Session of 1974 were in effect, and there was on that date no Louisiana State Board of Education. Act 274 of the Regular Session of 1975 had not yet become effective. The plaintiff Talambas should have named as defendant and secured citation directed to the State Board of Elementary and Secondary Education, which, on August 26, 1975, was the only state agency responsible for the obligations of the old Louisiana State Board of Education.
*1186 LSA-C.C.P. Article 1202 requires that citation contain “the name of the person to whom it is addressed.” The citation in this case named the “Louisiana State Board of Education”, which had ceased to exist on the date the citation was served. The State Board of Elementary and Secondary Education, which came into existence on May 1, 1975, and to which all of the obligations of the old State Board of Education were transferred, Act 3, § 1, Section 24(B) of the Extraordinary Session of 1974, was not cited. During this transitional period discussed above, there may have been confusion and misunderstanding by the personnel of the boards involved as to their respective duties and obligations, which made it essential that the requirements of citation on the correct board be observed, in order that the correct board have proper notice of the suit and of its duty to respond thereto. The lack of proper citation in the present suit may have caused the failure to answer or respond to the original petition by Talam-bas. If so, a serious injustice to the State of Louisiana has resulted.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of William J. Guste, Jr., Attorney General for the State of Louisiana, and against Spiro A. Talambas, d/b/a Allen Meat Company, annulling and setting aside the judgment rendered and signed on the 19th day of September, 1975 in the suit entitled “Spiro A. Talambas, d/b/a Allen Meat Company v. Louisiana State Board of Education (now named Louisiana State Board of Elementary and Secondary Education)”, No. C-436-75 on the docket of the Thirty-third Judicial District Court for the Parish of Allen, State of Louisiana. All costs in the trial court, as well as the costs of this appeal, are assessed against the defendant-appellee.
REVERSED AND RENDERED.